IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ebenezer Tazoah, | : | |
| | : | Case No. 1:26-cv-582 |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Kevin Raycraft, Acting Field Director of | : | |
| the Detroit Field Office, United States | : | Order Granting Habeas Petition |
| Immigration and Customs Enforcement, | : | |
| *et al.* | : | |
| | : | |
| Respondents. | : | |

Petitioner Ebenezer Tazoah filed a Petition for Writ of Habeas Corpus ("Habeas

Petition") arguing that he was not provided with a constitutionally-adequate bond detention

hearing as required by 8 U.S.C. § 1226(a). (Doc. 1.) Respondents have filed a Return of Writ

urging the Court to deny the Habeas Petition, to which Tazoah filed a Reply. (Docs. 4, 5.) For

the reasons that follow, the Court will **GRANT** the Habeas Petition.

I.      BACKGROUND

Tazoah, a native and citizen of Cameroon, entered the United States on or around

December 1, 2024 without being admitted after inspection by an immigration officer. (Doc. 1-3

at PageID 12.) He was taken into custody at the border that same month, but he was released on

parole by the Department of Homeland Security ("DHS"). (Doc. 1-2 at PageID 11.) DHS

initiated removal proceedings under § 240 of the Immigration and Nationality Act ("INA"), 8

U.S.C. § 1229a. (Doc. 1-3 at PageID 12.) Tazoah filed an Application for Asylum and

Withholding of Removal on February 2, 2025. (Doc. 1-4.)

On January 9, 2026, Tazoah was detained by U.S. Immigration and Customs

1

Enforcement ("ICE") officers when he attended a regularly-scheduled ICE check-in appointment. (Doc. 1 at PageID 2, 6.) He is being detained by Respondents at the Butler County, Ohio Correctional Complex. (*Id.* at PageID 3.)

On April 22, 2026, Immigration Judge ("IJ") Monte Horton issued a Removal Order denying Tazoah's requests for asylum or withholding of removal in the substantive removal proceedings. (Doc. 1-6.) IJ Horton ordered Tazoah removed to Cameroon. (*Id.* at PageID 30.) Tazoah appealed the Removal Order to the Board of Immigration Appeals ("BIA"), which to the Court's knowledge remains pending. (Doc. 1-7.)

Separately, Tazoah moved for a custody redetermination hearing, more commonly known as a bond hearing, in the immigration court. (Doc. 4-2.) IJ Horton held a bond hearing on May 26, 2026. (Doc. 1-8.) Tazoah was represented by counsel at the hearing, and he submitted letters in support from a sponsor and two other individuals. (Doc. 4-3 at PageID 58.) Neither party has filed copies of those letters with this Court. Petitioner asserts that Respondents argued at the bond hearing that Tazoah was a flight risk "solely because his asylum denial was in the appeal process." (Doc. 1 at PageID 2.) That same day, IJ Horton issued a Bond Order denying Tazoah release on bond stating in conclusory fashion that Tazoah "is a flight risk." (Doc. 1-8 at PageID 35.) Tazoah reserved his right to appeal the Bond Order to the BIA. (*Id.* at PageID 36.)

Then, on June 10, 2026, Tazoah filed his Habeas Petition in this Court. (Doc. 1.) He argues that IJ Horton failed to provide him with a constitutionally-adequate bond hearing. (Doc. 1.) Respondents filed a Return of Writ, to which Tazoah filed a Reply. (Docs. 4, 5.)

II.     **LAW AND ANALYSIS**

The INA provides that a non-citizen alien "arrested and detained pending a decision on whether the alien is to be removed from the United States" can be released on bond of at least

2

$1,500.  8 U.S.C. § 1226(a).  A district court generally has limited authority to act when an immigration judge has held a bond hearing:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).[1]  A district court lacks jurisdiction to review an immigration judge's discretionary detention decision" and his weighing of the evidence.  *See Trejo v. Bullock*, No. 26-5186, 2026 U.S. App. LEXIS 14050, at *5 (6th Cir. May 14, 2026).  Further, an immigration judge's decisions are entitled to a presumption of regularity and a presumption that all evidence was considered.  *See Aoraha v. Gonzalez*, 209 F. App'x 473, 476 (6th Cir. 2006) ("The agency's decision is entitled to a presumption of regularity and thus a presumption that the evidence was considered."); *Gutierrez v. Raycraft*, No. 1:26-CV-69, 2026 WL 543676, at *1 (S.D. Ohio Feb. 26, 2026) (finding that the decision of an immigration judge is entitled to a presumption of regularity).

But district courts can "review whether the bond hearing itself satisfied the Fifth Amendment's guarantee of procedural due process."  *Trejo v. Bullock*, No. 26-5186, 2026 U.S. App. LEXIS 14050, at *5-6 (6th Cir. May 14, 2026); *see also Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 618–619 (W.D. Mich. 2026).  District courts can assess whether a bond hearing was "meaningful" and "appropriate to the case[,]" as opposed to a "sham or a pretense."  *Trejo*, 2026 U.S. App. LEXIS 14050, at *6 (citations omitted).  They have jurisdiction to review an immigration judge's bond denial "where that bond denial is challenged as legally erroneous or unconstitutional."  *Diaz-Calderon v. Barr*, 535 F.Supp.3d 669, 676 (E.D. Mich. 2020) (citation

---

[1]  Appeals of a bond determination decision by an immigration judge can be taken to the BIA.  8 C.F.R. § 1003.19(f).

omitted); *see also Diallo v. Raycraft*, No. 1:26-cv-423, — F.Supp.3d —, 2026 WL 1487286, at *1–2 (S.D. Ohio May 18, 2026) (citing and applying *Diaz-Calderon*). Tazoah asserts here that the bond hearing held by the IJ Horton was constitutionally inadequate.[2]

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "Non-punitive detention in the immigration context violates the Due Process Clause, absent adequate procedural protections or a special justification outweighing a petitioner's liberty interest." *Ortiz Gutierrez v. Raycraft*, 821 F.Supp.3d 934, 940 (S.D. Ohio 2026) (cleaned up). As such, "detention [under 8 U.S.C. § 1226(a)] is discretionary and constitutionally constrained by due process." *Id.* (citation omitted). This Court has joined other courts in holding that due process requires that Respondents to prove by clear and convincing evidence that a non-citizen petitioner's continued detention under § 1226(a) is justified because the non-citizen is a danger to the community or a flight risk. *See*, *e.g.*, *Martinez-Padilla v. Raycraft*, No. 1:26-CV-348, 2026 WL 1251613, at *2 (S.D. Ohio May 7, 2026) (citing *Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (setting forth evidentiary standard), *cert. granted*, *Genalo v. Black*, No. 25-886 (U.S. June 15, 2026); *Soto-Medina v. Lynch*, 817 F.Supp.3d 612, 629 (W.D. Mich. 2026) (same); and *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 935 (S.D. Ohio 2026) (same)).

The record before the Court indicates that Tazoah did not receive due process at his bond hearing. IJ Horton issued a one-sentence determination that Tazoah was a flight risk. Tazoah asserts in his Habeas Petitioner that Respondents had argued at the bond hearing that he was a flight risk "solely because his asylum denial was in the appeal process." (Doc. 1 at PageID 2.)

---

[2] This Court finds that prudential exhaustion is not required for this constitutional issue. *See Soto-Medina*, 817 F. Supp. 3d at 620 (stating that constitutional due process challenges generally do not require exhaustion).

Respondents do not deny this assertion about the limited scope of their argument.  Also, Respondents do not assert that they provided any affirmative *evidence* that Tazoah was a flight risk at the bond hearing.  Instead, Respondents suggest in the Return of Writ that the IJ Horton's determination was proper because "Petitioner offered very little evidence in support of his one-page motion."  (Doc. 4 at PageID 47–48.)[3]

The parties' descriptions of the bond hearing reveal due process problems.  First, the Court does not know the basis for IJ Horton's finding that Tazoah is a flight risk because he did not explain his decision.  But, if IJ Horton based his "risk of flight" determination solely on the fact that Tazoah appealed to the BIA the Removal Order denying asylum, that would be a legal error.  Surely, a determination that a non-citizen petitioner is a flight risk must be based on more than the fact that he has pending asylum and removal proceedings.  Such a standard would have the effect of justifying the mass detention of non-citizens in immigration proceedings and deny each non-citizen the right to an individualized bond determination.[4]  *See Lopez-Campos v.*

---

[3]  Respondents stated as follows about the bond hearing:

> Petitioner also filed a Bond Reconsideration Request, and, five days later, Petitioner received a bond hearing. (*Id.*) Despite having an opportunity to present arguments and evidence in support of his request, Petitioner filed a one-page motion stating only that he was detained in Hamilton County, Ohio and presented approximately seventeen pages of evidence, consisting of short letters of support. (Exh. 2., Pre-NTA Motion for Custody and Bond Redetermination Hearing; Exh. 3., Index of Supporting Exhibits, Respondent's Submission of Exhibits for Custody and Bond Redetermination Hearing.) The immigration judge received this evidence and took the request under advisement at the hearing, later issuing his ruling to deny bond. (*See* ECF No. 1-8, PageID 35.)

(Doc. 4 at PageID 43.)  Neither party filed Tazoah's bond hearing evidence in this case, and the Court is expressing no opinion on the strength of Tazoah's written evidence.

[4]  The BIA has suggested that the following factors are relevant at a bond determination hearing:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution

*Raycraft*, 175 F.4th 713, 734 (6th Cir. 2026) (upholding decisions that "Petitioners were due individualized bond hearings in light of the significant time they have spent within the interior of the United States"), *petition for writ of certiorari docketed by Raycraft v. Lopez-Campos* (U.S. June 24, 2026).

Second, because Respondents solely challenge the adequacy of Tazoah's evidence at the bond hearing—and Respondents do not assert that they provided clear and convincing evidence at the bond hearing that Tazoah was a flight risk—the Court can only conclude that IJ Horton put the burden on proof on Tazoah to prove that he was not a flight risk. This improper burden shifting violated Tazoah's due process rights. *See Graterol Guedez v. Raycraft*, No. 26-11285, 2026 WL 1696650, at *4 (E.D. Mich. June 11, 2026) (ordering an immigration judge to provide a second bond hearing where the immigration judge wrongfully put the burden of proof on the petitioner at the first hearing); *Soto-Medina*, 817 F.Supp.3d at 629 (putting burden on the Government to provide clear and convincing evidence that the non-citizen detainee was a flight risk). The Court holds that Tazoah was denied a constitutionally-adequate bond hearing.[5]

## III.    CONCLUSION

The Court has determined that Tazoah did not receive a constitutionally-adequate bond hearing on May 26, 2026. Accordingly, the Habeas Petition (Doc. 1.) is **GRANTED**.

The Court **ORDERS** that within seven days of the date of this Order Respondents shall

---

or otherwise escape from authorities; and (9) the alien's manner of entry to the United States

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The Court notes that the BIA in *Guerra* improperly placed the burden of proof on the non-citizen alien instead of on Respondents.

[5]  The Court is not expressing an opinion here as to whether Respondents can prove by clear and convincing evidence that Tazoah is a flight risk, but the Court would be remiss not to point out evidence in the record that appears relevant to that determination. Tazoah applied for asylum and withholding of removal on February 2, 2025 *after* he was released on parole from his original detention, and Tazoah was detained the second time on or about January 9, 2026 at an ICE check-in appointment. (Doc. 1 at PageID 2; Doc. 1-4.) These facts can be taken as affirmative evidence that he is not a flight risk. *See Patel v. Tindall*, 810 F. Supp. 3d 824, 834 (W.D. Ky. 2025) ("In attending his IJ hearing and other proceedings, he is demonstrating that he is not a flight risk.").

either (1) provide Tazoah with a **due process compliant, individualized bond redetermination hearing** before an Immigration Judge; or (2) release Tazoah from custody.  If Respondents choose to provide a bond hearing in lieu of releasing Tazoah from custody, then:

(1) Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;

(2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;

(3) the Immigration Judge **shall affirm and enforce** that Respondents bear the burden of persuasion to justify Tazoah's continued detention and to adduce clear and convincing evidence that Tazoah is a danger to the community or a risk of flight.  *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (setting forth evidentiary standard), *cert. granted*, *Genalo v. Black*, No. 25-886 (U..S. June 15, 2026); *Soto-Medina v. Lynch*, 817 F.Supp.3d 612, 629 (W.D. Mich. 2026) (same); *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 935 (S.D. Ohio 2026) (same); and

(4) the Immigration Judge **shall consider** whether less restrictive alternatives to detention can reasonably address Respondents' interest, as well as Tazoah's "ability to pay when setting any bond amount."  *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025); *see also Black*, 103 F.4th at 158.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

7